EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Wanda Viera Pérez | 2005 TSPR 196<br><br>166 DPR _____ |

Número del Caso: TS-10,253


Fecha: 10 de noviembre de 2005


 Abogada de la Parte Peticionaria:

Por Derecho Propio

Oficina de Inspección de Notarías:

Lcda. Carmen H. Carlos
Directora

Colegio de Abogados de Puerto Rico:

Lcda. María de Lourdes Rodríguez

Lcdo. Israel Pacheco Acevedo
Secretario Ejecutivo

Oficina del Procurador General:

Lcda. Cynthia Iglesias Quiñones
Procuradora General Auxiliar

Lcda. Minnie H. Rodríguez López
Procuradora General Auxiliar

Materia: Conducta Profesional:
        (La suspensión de la abogada advino final y firme el día
        16 de diciembre de 2005).

Este documento constituye un documento oficial del Tribunal Supremo
que está sujeto a los cambios y correcciones del proceso de
compilación y publicación oficial de las decisiones del Tribunal. Su
distribución electrónica se hace como un servicio público a la
comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

                                    TS-10253

Wanda Viera Pérez

PER CURIAM

San Juan, Puerto Rico, a 9 de noviembre de 2005.

La señora Wanda I. Viera Pérez fue admitida al ejercicio de la abogacía el 8 de julio de 1992.

El 7 de febrero de 2001, el Procurador General presentó querella contra la señora Viera Pérez por haber sido convicta por delito grave en conexión con el ejercicio de su profesión de abogada, a tenor con la ley 11 de mayo de 1909[1] y por violación a los Canones 9, 18, 19, 35 y 38 de Ética Profesional[2]. Fue encontrada culpable

---

[1] 4. L.P.R.A sec. 735.

[2] 4 L.P.R.A. Ap, IX. C. 9,18,19,35,38.

por violación al Artículo 272 del Código Penal de Puerto Rico de 1974,[3] en cinco cargos.

Atendida la referida querella el 23 de marzo de 2001, le concedimos a la señora Viera Pérez, cinco (5) días para que mostrara causa por la cual este Tribunal no debía suspenderla provisionalmente del ejercicio de la profesión de abogado.

El 23 de abril de 2001, la señora Viera Pérez presentó su escrito para mostrar causa exponiendo las razones por las cuales no debía ser suspendida provisionalmente.

A la luz de la totalidad de los documentos que obraban en autos, el 22 de mayo de 2001 suspendimos inmediata y provisionalmente a la señora Viera Pérez del ejercicio de la profesión de abogado y de la notaría hasta que otra cosa dispusiera este Tribunal. Le concedimos, además, quince (15) días para que contestara la querella presentada por el Procurador General. Al día de hoy no ha contestado la querella.

El 30 de agosto de 2001, emitimos Resolución ordenando que se unieran al expediente personal de la señora Viera Pérez dos quejas presentadas posteriormente en su contra.

El 15 de enero de 2002, la Oficina de la Directora de Inspección de Notaría presentó su informe sobre la obra notarial incautada a la señora Viera Pérez, donde señaló varias deficiencias, entre ellas algunas arancelarias por la suma de $12,511.50.

---

[3] 33 L.P.R.A. sec. 4592.

Atendido el informe de la Oficina de la Directora de Inspección de Notaría, el 8 de febrero de 2002, ordenamos a la señora Viera Pérez subsanar las deficiencias arancelarias, bajo apercibimiento que de no cumplir con dicha orden remitiríamos el asunto a la División Criminal del Departamento de Justicia. Posteriormente emitimos varias resoluciones ordenando a la señora Viera Pérez dar cumplimiento a nuestra resolución del 8 de febrero de 2002.

El Colegio de Abogados de Puerto Rico nos informó, por escrito, el 11 de febrero de 2005 que su Fondo de Fianza Notarial había cubierto la deuda arancelaria de la señora Viera Pérez, que ascendió a la suma de $14,557.50.

El 4 de marzo de 2005, la Oficina de la Directora de Inspección de Notaría nos informó por escrito que a esa fecha, la señora Viera Pérez no había subsanado el resto de las deficiencias notariales señaladas. Atendido ese escrito, referimos el 8 de abril de 2005 el asunto al Departamento de Justicia y al Procurador General. Le ordenamos a éste último que realizara una investigación y nos rindiera un informe.

El 8 de julio de 2005, emitimos Resolución concediendo término al Procurador General para que nos informara sobre las gestiones realizadas, en cumplimiento de nuestra orden del 8 de abril de 2005. En igual término, ordenamos al Colegio de Abogados informarnos sobre las gestiones relacionadas con el cobro a la señora Viera Pérez de lo pagado por el Fondo de Fianza Notarial, para cubrir las deficiencias arancelarias de su obra notarial.

El 5 de julio de 2005, el Procurador General nos informó por escrito, que las demás deficiencias señaladas por la Oficina de la Directora de Inspección de Notaría a la obra notarial de la señora Viera Pérez no habían sido subsanadas. Recomendó, que ante ese hecho y en atención a la convicción, que dio base a su suspensión provisional, por cinco (5) cargos por delitos graves que implican depravación moral, por falsificación de sentencias y otros documentos judiciales, fuera suspendida en forma indefinida de la abogacía y la notaría.

El 15 de agosto de 2005, el Colegio de Abogados de Puerto Rico nos informó, por escrito, que el 4 de febrero de 2005 le cursaron una carta a la señora Viera Pérez reclamándole el pago efectuado por el Fondo de Fianza Notarial para cubrir las deficiencias arancelarias de su obra notarial. El 4 de agosto de 2005, le enviaron otro requerimiento similar. De no recibir respuesta de la señora Viera Pérez, en torno a dicha reclamación, nos informa que habrán de proceder al cobro por la vía judicial.

La persona que siendo abogado fuere convicta de un delito grave cometido en conexión con la práctica de su profesión o que implique depravación moral cesará, convicta que fuere, de ser abogado o de ser competente para la práctica de su profesión[4].

_____

[4] In re León Sánchez, 2003 T.S.P.R. 139, 2003 J.T.S. 139, 159 D.P.R.____ (2003); In re Piñero Martínez, 2004 T.S.P.R. 35, 2004 J.T.S. 39, 161 D.P.R.___ (2004).

Los abogados tienen la obligación de atender las órdenes de este Tribunal especialmente cuando se trata de procedimientos de conducta profesional. El abogado tiene el deber de responder diligentemente a los requerimientos de este Tribunal en relación con una queja presentada en su contra que esta siendo investigada[5].

La señora Viera Pérez fue convicta por delitos graves que implican depravación moral, relacionados con la práctica de la abogacía. No contestó la querella presentada por el Procurador General. Tampoco ha cumplido con múltiples requerimientos de la Oficina de la Directora de Inspección de Notarías, del Procurador General y de este Tribunal para la subsanación de las deficiencias señaladas a su obra notarial.

Por los fundamentos antes expuestos se suspende en forma indefinida a la señora Wanda I. Viera Pérez de la abogacía y la notaría.

Notifíquese personalmente.

---

[5] Íd; In re Ramírez Ferrer, 2005 T.S.P.R. 67, 2000 J.T.S. 72, 164 D.P.R.___ (2005).

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Wanda Viera Pérez

TS-10253

SENTENCIA

San Juan, Puerto Rico, a 10 de noviembre de 2005.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se suspende en forma indefinida a la señora Wanda I. Viera Pérez de la abogacía y la notaría.

Se le impone el deber de notificar a todos los foros judiciales y administrativos de Puerto Rico. Deberá, además, certificarnos dentro del término de treinta (30) días a partir de su notificación, el cumplimiento de estos deberes, notificando también al Procurador General.

De no haberse incautado la totalidad de la obra notarial de la señora Wanda I. Viera Pérez el Alguacil General de este Tribunal procederá a incautar la misma y entregarla a la Oficina de la Directora de Inspección de Notaría incluyendo su sello notarial.

Notifíquese personalmente a la querellada con copia de la Opinión Per Curiam que antecede y de esta Sentencia.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo Interina.

Dimarie Alicea Lozada
Secretaria del Tribunal Supremo Interina